Case 4:22-cv-03587   Document 34   Filed on 03/04/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RON LEROY BURCHFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03587 |
| | § | |
| BLAKE BALDOBINO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Ron Leroy Burchfield filed this lawsuit alleging that the defendants violated his civil rights by illegally obtaining a warrant to search his phone, and failing to properly secure his property after arresting him. This Court dismissed the claims against the Montgomery County Sheriff's Department. Burchfield has failed to provide an address at which defendant Krystal Duffer can be served, and the other defendants have now filed dispositive motions, to which Burchfield has not responded.

Based on the pleadings, the motions, the record, and the applicable law, the defendants' motions are granted and the complaint is dismissed. The reasons for this decision are set out below.

### I.     Background

On June 28, 2021, defendant Blake Baldobino, a Grimes County Law Enforcement Officer, contacted the Montgomery County Sheriff's Office for help in arresting the

plaintiff on an outstanding warrant out of Grimes County. The plaintiff was located in Montgomery County.

Montgomery County Sergeant Patrick Gallagher and Deputy Corbi Davis responded and went to Burchfield's home in New Caney. Burchfield walked to the street to discuss the warrant with Grimes County officers. After some discussion, he was arrested by the Grimes County officers, and transported to the Montgomery County jail to await transfer to Grimes County. *See* Declaration of Patrick Gallagher (Doc. # 24-4). Burchfield is currently serving a 15-year sentence for robbery by threat that was the basis for the arrest giving rise to this case. *See* Baldobino Motion to Dismiss (Doc. # 25), Exhs. A-C.

Burchfield complains that he asked the officers to go to his house to secure his personal property, and that they refused. He alleges that his ex-girlfriend, defendant Krystal Duffer, subsequently stole some of his property.

## II. Standard of Review

### A. Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present

specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

### C. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### III. Analysis

#### A. Montgomery County Defendants

While the Supreme Court has noted that it is good policy for police to inventory personal property taken from an arrestee, *see Illinois v. Lafayette*, 462 U.S. 640, 646 (1983), Burchfield does not identify legal authority requiring police to secure an arrestee's property that is not on the arrestee's person at the time of his arrest.

Defendants Davis and Gallagher present evidence that they complied with Montgomery County policy for securing and documenting the personal property taken from Burchfield pursuant to his arrest. *See* Motion for Summary Judgment, Exhs.. 2-4 (Docs. # 24-2, 24-3, and 24-4). In the absence of any independent duty to secure the property, and in light of the evidence showing that they complied with county policy, the defendants' failure to secure Burchfield's property was neither negligent nor a violation of any federally protected right.

To the extent that Burchfield implies that the defendants deprived him of his property without due process in violation of the Fourteenth Amendment, he fails to identify any deprivation of property caused by the defendants. Accepting Burchfield's allegation that his ex-girlfriend stole his property after the arrest, Burchfield alleges a crime by his ex-girlfriend, not a deprivation of property caused by the defendants. Because Burchfield fails to identify any violation of his federally protected rights, or any state law tort, by the

law enforcement defendants, he fails to state a claim against them and they are entitled to dismissal of his claims.

### B. Defendant Baldobino

Burchfield alleges that Baldobino illegally obtained a search warrant leading to Burchfield's arrest, and that Baldobino also failed to secure Burchfield's property.

#### 1. Search Warrant

A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  Because Burchfield's Fourth Amendment claim against Baldobino would call his conviction into question and has not been so reversed, expunged, declared invalid, or called into question, his claim is premature.  This claim must therefore be dismissed without prejudice.

#### 2. Failure to Protect Property

For the same reasons discussed above, Burchfield fails to state a claim for relief against Baldobino for failure to secure or protect Burchfield's property.

### C. Defendant Duffer

Burchfield has been unable to provide an address for service of process on defendant Duffer, his ex-girlfriend.  Rule 4(m) of the Federal Rules of Civil procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The Court's order directing Burchfield to provide an address for Duffer specifically wanted him that failure to do so could result in dismissal under Rule 4(m). *See* Doc. # 29). Accordingly, Burchfield's claims against Duffer are dismissed without prejudice pursuant to Rule 4(m).

### IV. <u>Conclusion</u>

For the foregoing reasons, the defendants' motion for summary judgment (Doc. # 24) and motion to dismiss (Doc. # 25) are **GRANTED**. Burchfield's claims against defendant Duffer and his Fourth Amendment claim against defendant Baldobino are **DISMISSED WITHOUT PREJUDICE**, and all other claims are **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED**.

SIGNED on March 4, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge